PHILIP CANCELLIERI AND GENEVIEVE CANCELLIERI, PLAINTIFFS-RESPONDENTS, v. LOUIS SCHAEFFER AND EMMA SCHAEFFER, DEFENDANTS-APPELLANTS.

Submitted January 19, 1944—Decided April 10, 1944.

Before Justices CASE, DONGES and PORTER.

For the defendants-appellants, *Robert J. Bunevich.*

For the plaintiffs-respondents, *Peter J. Zangara.*

The opinion of the court was delivered by

DONGES, J.   This is an appeal from a judgment of the Passaic District Court, in favor of the plaintiffs and against the defendants, in a suit brought to recover for injuries, and incidental damages, sustained by the female plaintiff in a fall on a stairway in the premises occupied by them as tenants and owned by the defendants.

The plaintiffs, with their children, were occupants of a third floor apartment in a tenement house owned by the defendants.   The stairway upon which plaintiff fell was one leading from the first to the second floor of the building, which was used by the several tenants of the building, and was unquestionably under the control of the landlords.

At the time of the accident the defendant Louis Schaeffer was engaged in making repairs to a landing upon the stairway and had taken up a section of the flooring for that purpose.

Mrs. Cancellieri descended the stairs carrying a five months old baby in her arms and accompanied by a six year old child. According to her testimony, as she approached the landing Mr. Schaeffer got up from his work on the floor, stepped aside and said to her, "Careful; the floor is taken up."

The state of the case agreed upon discloses, "Plaintiff testified that there was sufficient light and that she could clearly see the entire hallway and stairway. She further testified that the landing was 36 inches wide and that 20 inches of the floor in the center thereof had been taken up just prior to the accident so that in order to pass down the stairway, she had to step upon the sub-flooring between the beams 18 inches apart, which was three inches below the regular floor which had been ripped up. She stated that she instructed the child to be careful and pointed to her where to step on the sub-flooring, as the defendant Louis Schaeffer looked on. After the said child had safely negotiated the landing under repairs, she proceeded to follow the same course with the child in her arms. She testified that she could observe very clearly and that her view was unobstructed as she proceeded on her way down and upon the landing where the repairs were being made. She also testified that the landlord did not prohibit or forbid her to use the stairway except as above stated. He merely continued to look on. She testified that she had her left hand on the bannister and that she took one step with her right foot exactly in the same place where the child just previously had negotiated her way down the stair. When her weight was placed upon the sub-flooring her right leg went through the sub-flooring immediately precipitating her to the floor. Plaintiff further testified that the defendant, immediately the accident occurred, after seeing her go through the sub-flooring stated, "I didn't think that floor would break through," although this was denied by defendant. Plaintiff also testified that no warning signs were posted, no planks, boards or other means of safety provided and that the stairway where the accident occurred was the only means of ingress and egress in and out of said tenement house."

Defendants argue that there was no evidence of negligence upon their part, but, in view of the duty imposed upon the

landlord to maintain and keep in a safe condition a stairway used in common by the tenants, *Siggins* v. *McGill, 72 N. J. L.* 263, we think there was ample evidence in the present case from which the trier of the facts could find defendants guilty of failing to perform their obligation.

It is also urged that the female plaintiff was, as a matter of law, guilty of contributory negligence or that she assumed the risk of injury by attempting to descend the stairway under the conditions that confronted her. We think, however, that these too were questions of fact upon which the finding of the District Court Judge will not be disturbed when there is evidence to justify such finding. It must be remembered that one of the defendants was present actually engaged in the repair work. He stepped aside, with a word of warning, and his conduct was such as to amount to an assurance to the plaintiff that it was all right for her to attempt to descend. He watched the child proceed and saw the mother prepare to follow the same course. Apparently he thought it was a safe method of descending and said nothing more. Under the circumstances we think the plaintiff was justified in assuming that it would be safe for her to follow the footsteps of her child, and that her conduct was that of a reasonably prudent person in the circumstances. At least, there was evidence to justify the finder of the facts in coming to that conclusion.

The judgments under review are affirmed, with costs.